IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA )
                         )
v.                       )   No. 4:22-cr-40001
                         )
TAWNYA LANSDELL          )

**MOTION TO SEVER AND INCORPORATED BRIEF**

Defendant, Tawyna Lansdell, by and through her attorneys, Lassiter & Cassinelli, for her Motion to Sever and Incorporated Brief, states:

Lansdell (among co-defendants) stands charged with five offenses falling into three groups:

Count 1: Conspiracy to Distribute Controlled Substances without a Legitimate Prescription – alleging that five nurse practitioners (including Lansdell) and two pharmacists[1] conspired to distribute Schedule II, II, and IV controlled substances without an effective prescription, that is, that the defendants knew or intended that their conduct was not for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

Count 2: Conspiracy to Commit Health Care Fraud – alleging that Lansdell, as owner and operator of the medical clinic; Rusty Griffin, as a person "in a management role, including at its administrative office;" and Michael Martin, as a person "in a management role, including at its administrative office," conspired to defraud Medicare and Medicaid by directing providers to bill the highest billing codes, directing providers to bill for additional services not provided, directing providers to bill Covid testing as an office visit and to bill recipients for additional services not provided, and causing billing forms to include the increased billing codes and additional services, all in order to enrich themselves.

Counts 3 – 5: Conspiracy to Commit Wire Fraud and Wire Fraud – alleging Tawnya Lansdell, Michael Lansdell (Tawnya's husband and officer (not owner) in both businesses), Lansdell Family Clinic, PLLC and Lansdell Farms, LLC conspired to commit wire fraud and committed wire fraud by obtaining a PPP loan and using the loan proceeds to pay for personal expenses including paying off farm land debt and buying a boat, and then seeking forgiveness of the loan; and making false or fraudulent representations for the purpose of executing the scheme to defraud, all in order to enrich themselves.

---

[1] An additional pharmacist was indicted but dismissed on motion of the government.

1

Lansdell moves to sever the counts pursuant to *Fed. R. Crim. P. 8* and *Fed. R. Crim. P. 14* because joinder of Count 1 with Counts 2 and 3-5, and Counts 2 and 3-5 with each other, was improper and will prejudice Lansdell. Severance is necessary to promote a fair determination of Lansdell's guilt or innocence for each offense.

## I. Impropriety of Joinder.

"When a defendant moves for a severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Fed. R. Crim. P. 8 states:

> (a) JOINDER OF OFFENSES. The indictment or information may charge a defendant in separate Counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) JOINDER OF DEFENDANTS. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more Counts together or separately. All defendants need not be charged in each Count.

Fed. R. Crim. P. 8. The Eighth Circuit has held that the propriety of joinder must appear on the face of the indictment. *United States v. Wadena,* 152 F.3d 831, 848 (8th Cir. 1998) ("An indictment must reveal on its face a proper basis for joinder.") (citing *United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982) (overruled on other grounds). While joinder of offenses is generally governed by Rule 8(a), this is not the case in situations involving multiple defendants. In cases involving jointly indicted multiple defendants "even as to the joining of offenses the propriety of the initial joinder is governed by 8(b)." *United States v. Jones,* 880 F.2d 55, 61 (8th Cir. 1989).

Since this Court must determine the propriety of joinder pursuant to Rule 8(b) rather than Rule 8(a), the government bears a higher burden. Rule 8(b) does <u>not</u> allow for joinder on the basis

2

of similar character, and instead establishes a "same series of acts or transactions" test. *See, e.g., Jones*, 880 F.2d at 61 ("[T]he government may not tack 8(a) and 8(b) together and in one indictment charge different defendants with committing unrelated offenses of 'similar character.'").

The Court in *Jones* defined "same series of acts or transactions" to mean "acts or transactions that are pursuant to a common plan or common scheme, which is to say (in the usual case) that the acts or transactions are part of a single conspiracy." *Id.* at 61; *see also United States v. Mann*, 701 F.3d 274, 289 (8th Cir. 2012) ("Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme.") (quoting *Wadena, supra*).

> Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense. See United States v. Ford, 632 F.2d 1354, 1372-73 (9th Cir. 1980), cert. denied, 450 U.S. 934 (1981). In order to be part of the "same series of acts or transactions," acts must be part of one overall scheme about which all joined defendants knew and in which they all participated. United States v. McKuin, 434 F.2d 391, 395-96 (8th Cir. 1970), cert. denied, 401 U.S. 911 (1971). Although a conspiracy Count is not always essential for joinder of Counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses. See United States v. Porter, 441 F.2d 1204, 1212 (8th Cir.), cert. denied, 404 U.S. 911 (1971).

*United States v. Bledsoe*, 674 F.2d 647, 656-57 (8th Cir. 1982).

A series of conspiracies may be joined in one prosecution if they satisfy the test of Rule 8(b). See *United States v. Perez-Ochoa*, 4:21-CR-40097-KES (D. S.D. October 11, 2022) (2022 U.S. Dist. LEXIS 187078 *) ( 2022 WL 6721026) (citing Wright & Miller, 1A Fed. Prac. & Proc. Crim. § 145 (5th ed. Apr. 2022); *see also United States v. Garcia*, 848 F.2d 1324, 1333 (2d Cir. 1988), *rev'd on other grounds sub nom. Gomez v. United States*, 490 U.S. 858, 109 S. Ct. 2237,

104 L. Ed. 2d 923 (1989)). "Where not all defendants are charged in each conspiracy, the conspiracies must be part of one overall scheme." *Id*. "[D]efendants charged with two separate albeit similar conspiracies having one common participant are not, without more, properly joined." *Id*. (citing *United States v. Welch*, 656 F.2d 1039, 1049 (5th Cir. 1981)).

The indictment herein does not allege the existence of a broad scheme encompassing the conduct in each of the three counts. *See, e.g., Bledsoe*, 674 F.2d at 655. For the initial joinder to satisfy Rule 8(b) in this case, the indictment must demonstrate that the separate offenses were of the same series of acts or transactions in service of a common scheme or plan. The indictment must allege that the defendants participated in the same act or in the same series of acts constituting the offenses. On the face of the indictment, the government does not allege a single, common scheme connecting the alleged drug trafficking to the alleged health care fraud or the alleged PPP fraud. Even between the alleged health care fraud and the alleged PPP fraud, the general purpose to enrich different combinations of defendants (Tawnya Lansdell being the only common defendant in the two conspiracies) does not thereby constitute a common scheme. Instead, the superseding indictment alleges not one but three distinct conspiracies allegedly committed by differing defendants engaged in separate and distinct acts comprising the separate offenses.

In *Wadena,* various combinations of three defendants participated in three conspiracies, all designed to position them to steal money from the tribe for which they served as tribal council members. 152 F.3d at 836-39. All three defendants were convicted of (1) the construction conspiracy by which the defendants diverted to themselves the tribe's funds purportedly for a casino construction, and (2) the commissions conspiracy by which the defendants diverted to themselves the tribe's funds in the form of excessive commission payments. Two of the three defendants were also convicted of the election conspiracy by which they fabricated and forged

4

ballots in an attempt to procure the election of certain candidates to tribal positions. Although the indictment alleged multiple conspiracies, the defendants' participation substantially overlapped. The election conspiracy (which charged only two of the three defendants) was to ensure the future election of Clark and others and ensure their continued access to tribal funds (that they had previously used to steal via the construction and commission conspiracies). *Id*. at 848. The Court found joinder was proper because, on its face, the Indictment alleged "more than a mere overlap in personnel and the common objective of making money," but clearly alleged "a series of acts or transactions with the sole purpose of furthering a common scheme of using [the defendants'] positions in tribal government to access tribal funds and misapply those funds for [] personal gain." *Id*. at 848.

In the present case, the indictment does not allege an overall scheme like the indictment held to satisfy Rule 8(b) in *Wadena*, much less one in which all of the defendants engaged in a series of acts or transactions to further it. The indictment does not identify a common scheme or plan of which all three offenses could be part and to which all defendants allegedly contributed in some way. Instead, there is no discernible connection between the counts in the indictment, and there is only one common defendant with numerous, and various, codefendants in each count; the indictment does not even allege that the defendants were aware of each other or of the conduct alleged in the other offenses, much less that they all acted in service to a common purpose. The indictment also fails to indicate whether any of the counts served to further the objectives of the others. Instead, it alleges three disparate offenses (or sets of offenses as to Counts 3-5) that should be tried separately.

Although the indictment alleges in paragraph fifteen that Tawnya and Michael Lansdell certified they were not engaged in illegal activity when submitting their PPP loan documents

5

despite, according to the indictment, that Tawnya Lansdell was knowingly involved in conspiracies to distribute controlled substances and commit health care fraud, this allegation does not tie these three separate offenses together such that there is a common scheme or purpose. Rather, it actually demonstrates that the conduct alleged in Counts 1 and 2 was potentially obstructive to the conduct in Counts 3-5, and certainly not in furtherance of it or vice versa. There is no logical way that any of these disparate offenses furthered the purposes of one another.

Since the face of the superseding indictment fails to demonstrate that the separately charged conspiracies alleged therein meet the requirements of Rule 8(b), joinder was improper, and this Court should sever the offenses and require separate jury trials.

##    II.     Prejudice Without Severance.

Forcing Lansdell to defend herself against unrelated charges in the same trial will prejudice her. Therefore, even if this Court determines that initial joinder satisfies Rule 8(b)'s requirements, severance of each count from the others is appropriate relief pursuant to Rule 14(a), which states the following:

> (a) RELIEF. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of Counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14. The objective of both Rules [8 and 14] is to balance the prejudice inherent in joint trials against the interests in judicial economy. *United States v. Jones,* 880 F.2d 55, 60 (8th Cir. 1989).

Severance of the counts will prevent avoidable prejudice to Lansdell. As discussed above, the government does not allege any interaction between the separate conspiracies charged in the superseding indictment. The nature of the various offenses render them inherently prejudicial as to each other. Further, the proof as to each count differs in both content and weight, making it risky

to allow the jury to consider it all together, when the jury might use evidence on one offense to infer guilt on another. The subject matter of Count 1 – that is, distribution of opiates – itself should not be tried with other offenses that have nothing at all to do with medical prescribing or controlled substances. The disparate nature of the charges makes probative evidence for one count propensity evidence for another.

"Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together." *United States v. Rodgers,* 732 F.2d 625, 630 (8th Cir. 1984). Unlike Count 1, the offenses alleged in Counts 2 and 3-5 have nothing to do with prescription medications. Evidence and testimony regarding the conduct alleged in Counts 2 and 3-5 would not be probative at a trial regarding Count 1. Nor would evidence and testimony regarding the conduct alleged in Count 1 be probative at trials regarding Counts 2 and 3-5. Moreover, Rule 404(b) would prohibit the introduction of such evidence as propensity evidence, because the evidence does not fit any of the permissible categories of evidence enumerated in that Rule. Since evidence that Lansdell had committed the crimes alleged in Counts 2 and 3-5 would be neither probative nor admissible in a separate trial for Count 1, and vice versa, Lansdell will suffer prejudice if the alleged crimes are tried together.

Similarly, this Court should sever Counts 2 (healthcare fraud) and 3-5 (PPP fraud) from each other. Count 2 encompasses alleged conduct regarding healthcare billing and evidence and testimony comparing the care provided to the care billed. The other, the PPP fraud, concerns Lansdell and her husband, no one else at the clinic, and will require evidence and testimony regarding their business operations. Further, although the evidence is flimsy on all counts, the evidence is particularly rail thin on some of them; the Court should not permit the government to

tack on the the weaker counts and rely on the evidence and testimony presented on other counts to paint a negative and frightening picture of Lansdell.

Severance will also serve the interest of judicial economy. Each of the alleged offenses implicates a unique, and uniquely complex, section of the law. Simply put, attempting to simultaneously impart to a single jury a clear enough understanding of prescription authorization, medical billing, and the PPP loan application process (all of which are governed by esoteric laws and regulations), such that they can make a reasonable decision as to Lansdell's innocence or guilt on all three offenses without confusing issues or evidence, does not serve judicial economy. Therefore, joinder of these offenses greatly increases the risk of a mistrial, or a miscarriage of justice, frustrating the goal of judicial economy. Severance will allow all parties to simplify their arguments and presentations, decreasing the risk of jury confusion or misconduct and ultimately allowing for a more efficient resolution of each charge. Therefore, the desire for judicial economy supports severance.

Defense counsel have struggled to organize and prepare for what amounts to a trial regarding three separate indictments combined into one – it is extremely difficult to keep track of what evidence (both that provided by the government and gathered by the defense) pertains to what set of charges and defenses, and to break down the issues and responsive evidence regarding each of them – even with trained professionals working diligently to do so. To require a jury to maintain these distinctions while also learning about complex medical process/procedures and prescribing, medical billing requirements and practices, and PPP/SBA loan requirements and processes seems unduly burdensome at the least. The risk of confusion and spillover between the evidence on disparate counts (and between defendants) is so high, those things are nearly certain to occur. Further, this trial will be lengthy in duration, with jurors trying to compartmentalize the

evidence and retain complex information crossing three distinct subject-matters (at a minimum) for many days. It is unfair to the defendants and to the jurors to force all of this into one trial, so much so that it would violate Lansdell's constitutional right to a fair trial to do so.

Since severance of all counts decreases the risk of prejudice to Lansdell and serves the interest of judicial economy, severance is appropriate under Rule 14. At a minimum, the Court should sever Count 1 from all other counts due to the extreme prejudice that trying a drug distribution case would have on a jury determining guilt on the other offenses.

### III. Codefendants' Statements.

In *Bruton v. United States*, the Supreme Court held that the admission of a non-testifying defendant's statement that incriminated a co-defendant violated the latter's Confrontation Clause rights. 391 U.S. 123, 135-36 (1968). To the extent that the government may seek to introduce codefendants' statements during its case, the Confrontation Clause may require a severance. There is a substantial risk that, despite instructions to the contrary, the jury will consider incriminating extrajudicial statements of a codefendant in determining Lansdell's guilt; admission of those statements in a joint trial will violate Lansdell's right of cross examination guaranteed by the Confrontation Clause of the Sixth Amendment. Due to the nature of the charges, particularly the conduct alleged in Count 1, redaction of any statement or a purportedly curative jury instruction would not suffice to alleviate any prejudice.

### IV. Conclusion.

Joinder of Count 1 with Counts 2 and 3-5, and Counts 2 and 3-5 with each other, was improper under 8(b); moreover, severance of counts is an appropriate remedy under Rule 14. For the foregoing reasons, the Defendant, Tawnya Lansdell, respectfully requests that the court sever all counts alleged in the superseding indictment.

WHEREFORE, the Defendant, Tawnya Lansdell, asks the Court to grant her motion and for any other relief the Court finds appropriate.

        Respectfully Submitted,

        **Erin Cassinelli**
        ABN 2005118
        erin@lcarklaw.com
        **LASSITER & CASSINELLI**
        1218 West Sixth Street
        Little Rock, AR 72201
        Office: (501) 370-9300
        ***Attorney for Defendant Tawnya Lansdell***